UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CV-7223 ) |
| SONY-ERICSSON MOBILE COMMUNICATIONS (USA) INC., | ) Judge John W. Darrah ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cascades Computer Innovation, LLC ("Cascades") filed an Amended Complaint alleging both direct and indirect patent infringement on behalf of Defendant Sony-Ericsson Communications (USA), Inc. ("Sony"). Cascades seeks damages and injunctive relief. Sony filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Based on the discussion below, Sony's Motion to Dismiss is denied.

## BACKGROUND

Cascades filed its first Complaint on October 12, 2011, alleging Sony infringed U.S. Patent Number 7,065,750 ("'750 Patent"). Cascades also filed seven other actions

alleging infringement of the '750 Patent in the Northern District of Illinois.¹ In some of these actions, Cascades has filed multiple amended complaints. Defendants in three of these actions involving the '750 Patent have filed motions to dismiss.² Sony filed a Motion to Dismiss the Complaint in the instant action on January 26, 2012. On January 31, 2012, Cascades filed its First Amended Complaint, and Sony's first Motion to Dismiss was withdrawn without prejudice.³ In the Amended Complaint, Cascades accuses Sony of directly and contributorily infringing the '750 Patent with its infringing smartphone products. (Am. Compl. ¶ 9.) Specifically, Cascades alleges Sony and its customers practice the claimed method described in claim 15 of the '750 Patent, as well

---

¹ *See Cascades Computer Innovation, LLC v. Motorola Mobility Holdings, Inc.*, Case No. 1:11-cv-04574; *Cascades Computer Innovation, LLC v. HTC Corporation*, Case No. 1:11-cv-06235; *Cascades Computer Innovation, LLC v. Acer America Corp.*, Case No. 1:11-cv-07228; *Cascades Computer Innovation, LLC v. Pantech Wireless, Inc.*, Case No. 1:11-cv-07249; *Cascades Computer Innovation, LLC v. Sharp Elec. Corp.*, Case No. 1:11-cv-07252; *Cascades Computer Innovation, LLC v. Dell. Inc.*, Case No. 1:11-cv-07264; and *Cascades Computer Innovation, LLC v. Koninklijke Philips Electronics N.V.*, Case No. 1:11-cv-07387.

² Sony explains in its memorandum, supporting its Motion to Dismiss, that five of the defendants in the '750 Patent cases have filed motions to dismiss. However, a review of the docket in each of the '750 Patent cases shows only motions to dismiss filed by defendants Motorola and Samsung (Case No. 1:11-cv-04574), HTC Corp. (Case No. 1:11-cv-06235), and Dell, Inc. (Case No. 1:11-cv-07264). In the *Sharp* action, Plaintiff Cascades filed a motion to dismiss a counterclaim. *See* Case No. 1:11-cv-07252, Dkt. Entry No. 26. The docket for *Cascades Computer Innovation, LLC v. Acer America Corp.* shows no motions to dismiss on file. *See* Case No. 1:11-cv-07228.

³ According to Sony's Second Motion to Dismiss, Sony anticipated Cascades' Amended Complaint based on the status of the other '750 Patent cases and asked Cascades to file it prior to Sony's filing of its first motion to dismiss, in order to avoid unnecessary motion practice. Cascades apparently refused to do so, instead waiting for Sony to file its first motion to dismiss. (Def. Mot. to Dismiss, Ex. 2.)

as make and sell smartphones in "direct infringement of apparatus/claim 1."[4] (Am. Compl. ¶¶ 9, 12.)

Sony filed an answer to the Amended Complaint as to claim 1 and its dependent claims, asserting seven affirmative defenses and two counterclaims, which seek declarations of non-infringement and invalidity. Sony also filed a motion to dismiss Cascades' claim 15 allegations in its Amended Complaint. This motion to dismiss, presently before the Court, argues Cascades failed to plead facts rendering its claims of direct infringement and indirect infringement facially plausible.

Claim 15 of the '750 Patent reads as follows:

> A method of recomputing a dedicated foreign state (A) in a binary translation system (B) from documentation generated by an optimizing translator (C) in a case of an exception arising during execution of optimized binary translated code translated from a foreign code (D), the method comprising: designating a set of recovery points in the optimized binary translated code during optimized translation of the foreign code, wherein each recovery point represents a foreign state (E); generating a set of documentations during the optimized translation of the foreign code (F), wherein each documentation in the set of documentations corresponds to a recovery point in the optimized binary translated code and describes operations required to calculate a corresponding foreign state for the recovery point (G); and using one of the documentations in the set of documentations corresponding to executed optimized binary translated code when an exception arises during its execution to recover a foreign state corresponding to a recovery point for the exception, wherein the foreign state is recovered by executing the operations for the one of the documentations (H).

---

[4] Neither party attached a complete copy of the '750 Patent to their papers. Cascades provided only the language of claim 15, and Sony attached an entirely different patent to their Motion to Dismiss. (Def. Mot. to Dismiss, Ex. 1.) Further, it is unclear that Exhibit 1 of the Amended Complaint is in conformance with Local Patent Rule 2.2(c).

3

('750 Patent, as delineated by Plaintiff, Am. Compl. Ex. A.) The '750 Patent is a software patent, providing a method for preserving precise exceptions in binary translated code. Cascades' Amended Complaint provides no simplified explanation of the patented method; but, from the summary of the invention of the patent, one can infer that the patent involves a computer code that simplifies the process by which an error or an "exception" is resolved in computer software and applications. Sony argues Cascades has failed to allege in its Amended Complaint that it or its consumers actually use the code in the manner described by claim 15 and, therefore, that Cascades has failed to state a claim.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (*McZeal*). Therefore, Seventh Circuit precedent controls. *Id.*

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a

4

complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard does not require a showing of "probability," but a mere showing of the *possibility* of defendant's misconduct is insufficient. *Id.* This standard requires the court to "ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (*Swanson*) (emphasis in original). A more complex case would perhaps require "more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Id.* at 405.

## ANALYSIS

### *Claim of Direct Infringement*

Sony argues Cascades' Amended Complaint is deficient because it fails to provide any facts showing how or when Sony or its customers "use [the] code in the manner required by claim 15." (Mot. to Dismiss at 2.) However, based on the pleading standards, Cascades has submitted enough information in its Amended Complaint to put Sony on notice of what it alleges. Cascades alleges Sony is not only selling or offering to sell infringing products but *using* the method in the claims of the '750 Patent. (Am. Compl. ¶ 9.) "[W]hoever without authority makes, uses, offers to sell, or sells any

5

patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). It is sufficient for Cascades to allege that Sony practices the method of claim 15 of the '750 Patent; by alleging this at the pleading stage, Cascades implicitly alleges Sony practices every element of this claim. Sony properly recognizes that each step of the claimed method must be performed in order for infringement to be shown. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007) (holding "Direct infringement requires a party to perform or use each and every step or element of a claimed method or product."). However, it is enough for Cascades to claim Sony has practiced the method of claim 15 in its Amended Complaint. Eventually, Cascades will have to prove Sony performed every element of claim 15 in order to prevail. At this stage in the proceedings, Cascades must only show it is *plausible* Sony infringed claim 15 of the '750 Patent. In its Motion to Dismiss, Sony seeks to hold Cascades to a higher standard, arguing Cascades has not shown Sony *did*, in fact, infringe claim 15. Cascades need only plead a plausible claim which puts Sony on notice.[5]

Both parties address Form 18 (formerly Form 16), the federal rules pattern form for patent infringement. Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been

---

[5] Sony relies on the Federal Circuit's opinion in *Lucent Technologies, Inc. v. Gateway, Inc.*, to support its contention that Cascades has failed to plead direct infringement. Its reliance on this case is misplaced; *Lucent* reviewed a district court's judgment as a matter of law, setting aside a jury verdict. *Lucent Technologies, Inc. v. Gateway, Inc.*, 543 F.3d 710 (Fed. Cir. 2008). While the Federal Circuit discussed a plaintiff's failure to show direct infringement, this analysis related to evidence admitted at trial and did not involve an analysis as to the plaintiff's initial pleadings.

infringing the patent 'by making, selling and using [the device] embodying the patent;' (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1357; *see also* Fed. R. Civ. P. Form 18. *McZeal* was decided by the Federal Circuit after the Supreme Court's *Twombly* decision but prior to its *Iqbal* decision. Sony argues this form is outdated, in light of the *Iqbal* decision regarding pleading standards. "Though the sufficiency of Form 18 has been questioned, post-*Iqbal*, by a few district courts and by the Federal Circuit itself in an unpublished opinion, *McZeal* and its analysis based on Form 18 remains good law in that circuit until overruled." *Trading Technologies International Inc. v. BCG Partners, Inc.*, Nos. 10-CV-715, 10-CV-716, 10-CV-718, 10-CV-720, 10-CV-721, 10-CV-726, 10-CV-882, 10-CV-883, 10-CV-884, 10-CV-885, 10-CV-929, 10-CV-931, 2011 WL 1706136, at *n. 1 (N.D. Ill. May 5, 2011). It is clear Cascades met all the requirements of the form as enumerated by the *McZeal* opinion. Regardless of the applicability of Form 18, Cascades has met the pleading standard set out in the *Twombly* and *Iqbal* opinions, analyzing the requirements of Federal Rule of Civil Procedure 8. *Swanson*, 614 F.3d at 403.

Cascades has properly pled direct infringement on the part of Sony with regards to claim 15 of the '750 Patent. Sony's Motion to Dismiss this claim is denied.

*Claim of Indirect Infringement*

Sony further argues Cascades has failed to properly allege indirect infringement through Sony's customers. Again, Sony seeks to require Cascades to prove its case at a stage in the proceedings where only plausible claims of misconduct are necessary.

Cascades alleges Sony has contributorily infringed on the '750 Patent because "it knew at least when the original complaint was filed and, thus, now knows that the steps of the claimed method described in claim 15, for example, were carried out by users of Sony-Ericsson's identified smartphones." (Am. Compl. ¶ 10.) First, there cannot be a showing of indirect infringement where there is no direct infringement. *Dynacore Holdings Corp. v. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). The contributory infringement Cascades alleges on the part of Sony requires Sony to have sold or imported:

> a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

35 U.S.C. § 271(c). Sony argues the contributory infringement claim must fail because: (1) the accused product does, in fact, have a substantial non-infringing use, and (2) Cascades fails to properly allege Sony's knowledge of infringement. (Def. Mot. to Dismiss at 11-12.) These arguments are unpersuasive. First, Cascades is not obligated, at this stage of the proceedings, to *prove* the accused products have no substantial non-infringing use. It is sufficient for Cascades to allege in its Amended Complaint that the accused products do not have substantial non-infringing uses. Moreover, Cascades alleges in its Amended Complaint that "[s]pecifically, use of the method occurs when the smartphone is turned on and made functional." (Am. Compl. ¶ 11.) Sony argues the alleged products have a substantial noninfringing use: the making of a phone call. However, by taking all facts alleged by Cascades to be true, the infringement occurs

when the phone is turned on, thereby alleging that even the use of the smartphone to make a phone call would be an instance of alleged infringement.

Furthermore, Sony's argument regarding the knowledge element of contributory infringement also fails. Sony argues that Cascades alleges it "*has been* infringing and/or contributorily infringing." (Am. Compl. ¶ 9.) (emphasis added). It is sufficient for Cascades to allege Sony had knowledge of the patent, at least since the service of the original Complaint. Cascades need only allege Sony's knowledge, which is plausible, to survive a 12(b)(6) motion. It is not required to prove Sony's knowledge at this point in the litigation. Cascades has pled sufficient factual information to state a facially plausible claim for contributory infringement. *See Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

Based on the foregoing analysis, Sony's Motion to Dismiss Cascades' claim 15 allegations in its Amended Complaint is denied.

Date: April 18, 2012

JOHN W. DARRAH
United States District Court Judge